half cents per pound, at sixty days credit. This for one million one hundred and eighty-three thousand pounds would be forty-one thousand four hundred and five dollars, which reduced to cash would be forty thousand five hundred and seventy-six dollars and ninety cents. Actual sales at that date brought thirty-four thousand five hundred and ninety-eight dollars and twenty cents, which reduced to cash gives thirty-three thousand nine hundred and six dollars and thirty-four cents; difference, six thousand six hundred and seventy dollars and fifty cents, which amounts to a depreciation or difference in value on account of damage of sixteen and forty-four one hundredths per cent.

On the first of March, the cash market value of sound linseed was, as we have seen, thirty-seven thousand six hundred and seventy-eight dollars and fifty-six cents. Sixteen and forty-four one hundredths per cent. of this gives for depreciation in value, by reason of damage, six thousand one hundred and ninety-four dollars and thirty-six cents. Deduct rebate of duty allowed at custom-house, nine hundred and twenty-four dollars and twenty-five cents. Total damage, five thousand two hundred and seventy dollars and eleven cents, for which, in addition to the amount heretofore found to be due on the damage to ·bags and burlaps, with interest from March 1, a decree will be entered. The expenses of storage, insurance, etc., are excluded from this computation for the reasons already given.

COMPTON (DOAN v.)  See Case No. 3,940.

## Case No. 3,070a.
### COMPTON v. PALMER.
[Hempst. 282.] [1]
Superior Court, Arkansas Territory.  July, 1835.
DISMISSAL OF CASE.

A case improperly dismissed by the circuit court; and Boswell v. Newton [Case No. 1,683a] cited and approved.

Error to Independence circuit court.
[At law. Action by Edward L. Compton against Thomas S. Palmer.]
Before JOHNSON, and YELL, JJ.

OPINION OF THE COURT. This is a writ of error to the Independence circuit court, to reverse a decision made at the November term of that court, dismissing the cause, on the ground that it had been discontinued by operation of law. Upon examination of the record, it is found the same question is presented for consideration, as that determined at the last term of this court, in the case of Boswell v. Newton [Case No. 1,683a], which opinion the court has ex-

amined and fully approved. The dismission of the cause for the reason set forth was erroneous. Judgment reversed.

## Case No. 3,071.
### In re COMSTOCK et al.
[3 Ben. 236; 2 N. B. R. 561 (Quarto, 171); 2 Am. Law T. Rep. Bankr. 87.] [1]
District Court, S. D. New York. May 11, 1869.
BANKRUPTCY PRACTICE—CONTESTING PROOF OF DEBT.

On objection taken by a creditor to a proof of debt filed in bankruptcy proceedings, the order to show cause why the proof of debt should not be vacated must be made by the court, and not by a register.

[On certificate of register in bankruptcy.
[In the matter of Frederick S. Comstock and James M. Wheeler, bankrupts.
[Certificate of Isaac Dayton, Register:]
[2] [The undersigned, register in bankruptcy, having in charge the proceedings in this bankruptcy, hereby certifies, that on the 27th day of January, 1869, upon the objections made in writing, under oath, of Benjamin Hart, a creditor of Frederick S. Comstock and James M. Wheeler against the said bankrupts, the undersigned granted and issued an order requiring the said George M. Wheeler to show cause before the undersigned, at his office aforesaid, on the 2d day of February, 1869, at one o'clock in the afternoon, why the proof of debt made and filed in this matter by the said George M. Wheeler, on the 10th day of December, 1868, should not be vacated, and the record thereof cancelled, &c., which objections and order to show cause are thereto annexed. That, on the said 2d day of February, 1869, at his office aforesaid, the undersigned was attended by the said Benjamin Hart, by Mr. Augustus O. Brown, his counsel, and the said George M. Wheeler by Mr. Da Costa, his counsel; that upon proceeding with the said business, the objection was made on the part of the said George M. Wheeler, that the register had not jurisdiction to make the order aforesaid, and at the request of the counsel for the parties, the question is submitted to the honorable the district judge, whether the register has jurisdiction to summon and examine the bankrupt or any person tendering or who has made proof of claims, or persons capable of giving evidence concerning the proof, or the debt, under the last clause of the twenty-second section of the bankrupt act. The twenty-second section of the bankrupt act [of 1867 (14 Stat. 527)] provides that all proofs of debt against the estate of the bankrupt shall be taken before a register in bankruptcy, or before a commissioner of the

circuit court, or in foreign countries before a minister, consul, or vice-consul of the United States. The section then provides as follows: "The court may, on the application of the assignee, or of any creditor, or of the bankrupt, or without any application, examine upon oath the bankrupt, or any person tendering or who has made proof of claims, and may summon any person capable of giving evidence concerning such proof, or concerning the debt sought to be proved, and shall reject all claims not duly proved, or where the proof shows the claim to be founded in fraud, illegality, or mistake." The twenty-ninth section of the act provides, that after certain time "the bankrupt may apply to the court for a discharge from his debts, and the court shall thereupon order notice to be given by mail to all creditors" to show cause, &c. It is settled "that the court" in this section is the court and not the register. In the matter of John Bellamy [Case No. 1,267], the two provisions are substantially analogous. The order to show cause was made in the present case, in accordance with a practice which has to some extent obtained, rather than upon a particular examination of the provisions of the act. Probably the correct practice is for the assignee, or creditor, or bankrupt, to apply to the court for an order rejecting a claim as not duly proved. The court will then either take the proof and make the order, or direct a reference. Practically, hardly a case can occur in which an investigation of a claim can be had without any application.][2]

BLATCHFORD, District Judge. The order made by the register ought to have been made by the court and not by the register.

## Case No. 3,072.

### In re COMSTOCK.

[8 Ben. 235.][1]

District Court, S. D. New York.  Aug., 1875.

POWER OF REGISTER IN BANKRUPTCY—OATH OF CONFORMITY—EVIDENCE.

1. The oath of conformity, prescribed by section 5113 of the Revised Statutes of the United States as necessary to be taken and subscribed by a bankrupt before his discharge, may be taken by him before any register, or any commissioner of a circuit court of the United States at any place within the district of such register or commissioner.

2. Such oath is evidence, within the meaning of section 5003 of the Revised Statutes.

The register having charge of this case certified to the court as follows:

"In the above entitled matter, the bankrupt [Erwin G. Comstock], who, before and at the time of his adjudication, resided in the county of Greene, in this district, has re-

[2] [From 2 N. B. R. 561 (Quarto, 171).]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

moved out of said district, to another state. He now petitions for his discharge, and proposes, for the sake of his personal convenience, to take the oath of conformity, an essential and an indispensable requisite to his discharge, before a register not in charge of the case, and not acting for nor at the request of the register in charge, and at a time and place other than that for which notice of hearing has been published and served on the creditors who have proven debts. A register can pass the last examination of the bankrupt (Rev. St. § 4998, subd. 10), and administer the oath of conformity (section 5113). By section 5007, 'any register may act in the place of any other register appointed by and for the same district court.' It appears to me, the oath of conformity should be taken before the register in charge of the case, or a register of the same district, acting for him; that, otherwise, a register is unauthorized to act therein, and, therefore, the oath before him would be irregular and void. The remarks of Judge Lowell in Re Hazelton [Case No. 6,287], do not seem to me to harmonize with the requirements of the bankruptcy statutes."

BLATCHFORD, District Judge. The requirement of section 5113 is, that "the bankrupt must take and subscribe an oath" to a certain specified effect. The register before whom the proceedings are pending can administer such oath, for he is expressly authorized, by section 4998, "to administer oaths in all proceedings before him." But it by no means follows that the oath cannot be taken before a register other than the one before whom the proceedings are pending, even though he be a register of another district, provided he administers the oath within the district for which he is a register. Section 5003 provides that "evidence or examination in any of the proceedings under this title may be taken before * * * a register in bankruptcy * * * in writing, before a commissioner of the circuit court, or by affidavit." Section 5004 provides, that a register "shall have power to administer oaths in all cases and in relation to all matters in which oaths may be administered by commissioners of circuit courts." These sections warrant such a practice. The "oath" in question is "evidence." The expression, "a register in bankruptcy," in section 5003, is not limited to the register before whom the proceedings are pending or to a register of the district. By section 945, "affidavits, when required or allowed in any civil cause, in any circuit or district court, may be taken by a commission of the circuit court for the district." It has been the practice in this district, to allow the oath in question to be taken before a register or a commissioner of a circuit court of the United States, at any place within the district of such register or commissioner. Such practice is proper. The taking of such oath in no manner trenches